## Young's Estate.   McHenry's Appeal. (No. 1.)

*Executor—Surcharge—Assignment—Mental capacity—Granting issue.*

It was sought to surcharge an executor with a loan of decedent to him, and with money collected by him for the decedent during her lifetime. The auditor found that there was no loan to him by decedent; and that the money collected by him had been accounted for to the decedent in her lifetime; and that the total of the money so collected was insufficient to reimburse him for his outlay in a certain purchase of land, costs of a suit, attorney's fee, etc., as to which decedent in writing had agreed to reimburse and make him whole out of this money; and that as to said agreement the evidence of mental incapacity of decedent to execute it was insufficient to justify awarding an issue, and that there was no evidence of undue influence; and that the application for the issue came too late. The auditor was sustained by the court below, and the Supreme Court affirmed the decree.

Argued April 11, 1892.   Appeal, No. 26, Jan. T., 1892, by Eli McHenry and Sarah, his wife, in her right, from decree of O. C. Columbia Co., May T., 1891, No. 30, dismissing exceptions to the report of the auditor adjudicating account of A. P. Young, the executor of Ann Young, deceased.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Claim to surcharge accountant with certain moneys received by him.

Before the auditor, C. E. Geyer, Eli McHenry and Sarah, his wife, in her right as a daughter of testatrix, sought to surcharge the accountant with certain sums collected by him for testatrix during her life and not paid over, and another sum loaned by testatrix to accountant.   The auditor found that accountant was not indebted to testatrix for money borrowed: That the testatrix, on the day when she executed her will, a few hours afterwards, executed and delivered to accountant an agreement in the terms following:

"MILLVILLE, Col. Co., Pa., April 29, 1876.

"I, Ann Young, hereby agree to pay to my son, A. P. Young, the interest accruing to me on my third interest in the old homestead and in the tract of land in Fishing Creek township, lately bought by said A. P. Young at executor's sale, to reimburse him for money expended in costs of suit against the executor of my late husband, attorneys fees, etc., and to

make good any loss that may accrue to him by reason of his having bought at an exorbitant price the tract of land last named to save it from falling into the hands of irresponsible parties.   Provided, however, that if the total amount accruing to me from these sources shall exceed the total amount of costs and expenses paid and loss sustained, the overplus shall go into my estate to be distributed as per will this day made, and provided further that I shall not need the aforesaid amounts for my reasonable and comfortable maintenance during life.

"Witness present,                                her
"E. P. MILLER,                      ANN ✕ YOUNG,"
                                      mark.

That the sums collected by accountant during the life of testatrix, with which it was sought to surcharge him, were accounted for to her satisfaction ; and that they were insufficient to reimburse the accountant, as provided in above agreement.

After the hearing of the audit was closed, the exceptants presented a petition or an application for an issue to try the questions whether the testatrix, when she executed the above agreement, was (1) a person of unsound mind ; (2) unduly influenced by accountant.   The auditor reported against the application for the issue on the grounds : (1) That it came too late ; Barnes' Appeal, 3 Gr. 315 ; (2) that even without the agreement, the accountant was not surchargeable ; (3) that the weight of the whole evidence was in favor of decedent's soundness of mind when the paper was executed.   He also reported that there was no evidence of undue influence.

Exceptions to the report were dismissed by the court and the report confirmed in an opinion by METZGAR, P. J.

*Errors assigned*, among others, were (5) dismissing the tenth exception to the auditor's report, quoting it, which was to the effect that the auditor erred in not surcharging the accountant with the amount of the alleged loan to him ; and also with the sums collected by him during the life of the testatrix ; (6) in not construing above agreement as a testamentary paper, and, therefore, not admissible in evidence before probate ; (7) dismissing the thirteenth exception to the auditor's report, quoting it, which exception was to the refusal to recommend an issue.

*R. R. Little* and *William Chrisman*, for appellant.

*Grant Herring, W. H. Rhawn* with him, for appellee.

PER CURIAM, April 25, 1892:

The decree is affirmed, and the appeal dismissed at the cost of appellant.

148  575
155  498

## Young's Estate.    McHenry's Appeal. (No. 2.)

*Decedent's estate—Contract—Family relation—Claim for nursing, etc.*

A son-in-law cannot recover for care, nursing and personal services during the last illness of his mother-in-law, where it appears that the decedent, an aged woman, had for many years divided her time between her son and daughter, the wife of the claimant, living with them both at stated intervals, in each case as a member of the family and without paying or agreeing to pay for her board and keep, and without any demand upon her therefor.

Argued April 11, 1892. Appeal, No. 27, Jan. T., 1892, by Eli McHenry, from decree of O. C. Columbia Co., May T., 1891, No. 30, dismissing exceptions to the report of the auditor adjudicating account of A. P. Young, the executor of Ann Young, deceased. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Claim for nursing, etc.

The auditor found the facts as follows:

" (10th.) That since about 1874 the decedent lived with her son, A. P. Young, and her son-in-law, Eli McHenry, making her home during the winter season with A. P. Young and during the summer season with Eli McHenry, and thus alternating from year to year, remaining about half of the time at each place, up to the time of her death. At either place she was always treated and considered as a member of the family. She never paid anything for her board and keeping, nor was there ever a demand made upon her for pay by either of the said parties.

" On or about June 21, 1888, the decedent was brought by A. P. Young to the home of Eli McHenry, where she remained until her death. She was about 96 years of age. The journey from A. P. Young's to Eli McHenry's, a distance of about 10 miles, very much fatigued the old lady, so much so that upon their arrival at the house of Eli McHenry she was obliged to