## HARRIS v. HARRIS.

PARENT AND CHILD—ACTION FOR SERVICES—FAMILY RELATIONS.
A woman cannot recover from her father-in-law for services rendered while a member of his family, in the absence of an express agreement to pay for such services.

Error to Calhoun; Smith, J. Submitted June 13, 1895. Decided July 9, 1895.

*Assumpsit* by Melissa E. Harris against James W. Harris for services. From a judgment for plaintiff, defendant brings error. Reversed.

*John C. Patterson*, for appellant.

**L. B.** *Tompkins (H. E. Winsor*, of counsel), for appellee.

HOOKER, J.   In this cause the testimony of the plaintiff shows that her husband sent her from the State of Louisiana to the home of his father, in this State, with a letter requesting him to send money to enable her said husband to come to Michigan, and to redeem certain property which he had pawned to get money to send her to Michigan. The father complied, sending $96 for the purpose, and the plaintiff's husband came to Michigan, and from that time until his death resided in his father's family, both plaintiff and himself rendering service upon the farm and in the household. The plaintiff remained some time after his death, until, relations becoming strained, she went away, either of her own volition or at the request of the father. Beyond the fact that at times she was requested by him to do things about the place, and the value and extent of services rendered, there is no evidence of a contract to pay for such services, which appear to have been voluntarily rendered. She testified that she knew of no agreement or understanding with the father that she should receive pay.   She stated further that soon after her husband's funeral he said to her that she could remain there just as she had until she could get married. This action is brought against the father to recover pay for her services.

The court instructed the jury that, if they should find that family relations existed, they must render a verdict for the defendant, as no express promise was shown. The circuit judge was asked to direct a verdict for the defendant, but refused to do so. In this, we think, he erred. The evidence showed conclusively the existence

of the family relation, and there was nothing authorizing a recovery by the plaintiff.

We are therefore constrained to reverse the judgment, and there is no occasion for a new trial. It will be ordered accordingly.

The other Justices concurred.