GEORGE N. BAXTER v. LOUIE E. GALE.

October 25, 1898.

Nos. 11,261—(57).

Attorney at Law—Gratuitous Services—Verdict Supported by Evidence.
On the evidence, *held*, the jury were warranted in finding that it was the intent and expectation of both parties that the services performed by plaintiff for defendant should be performed gratuitously.

Action in the district court for Rice county. The cause was tried before Buckham, J., and a jury, and a verdict was rendered in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Geo. N. Baxter*, pro se.

*H. S. Gipson*, for respondent.
Defendant having proved the relation of the parties, as she was entitled to do, the burden was shifted, and plaintiff could meet the situation only by positive proof of an express promise or circumstances equivalent. Hall v. Finch, 29 Wis. 278; Butler v. Slam, 50 Pa. St. 456; In re Schmidt, 93 Wis. 120; Barhite's Appeal, 126 Pa. St. 404.

CANTY, J.
Plaintiff is an attorney at law, and in this action seeks to recover of defendant $100 for services rendered for defendant at her request, in procuring a divorce for her from her former husband. The defense is that the request was made and the services performed with the intent that plaintiff should perform them gratuitously. The jury found for defendant, and, from an order denying a new trial, plaintiff appeals.

Appellant contends that the verdict is not supported by the evi-

dence. We cannot so hold. Defendant is his stepdaughter. When she was eleven years old, he married her mother. Defendant resided in the family thereafter until she was married, except while she was absent at a boarding school, and four months while she was traveling in Europe. She remained with her husband seven months, and then returned to plaintiff's residence at his request. Her husband did not return with her. The testimony tends to prove that plaintiff had a large house, consisting of 14 rooms; that he kept no servant, but defendant and her mother did all the housework; that, when defendant returned, he requested her to do so, as it saved keeping a servant; that she always called him "Pa," and he always treated her as a member of the family; and that she did all of the housework after her mother's illness and death in 1892. The same year, he prohibited her from going on the road as a member of an opera company, and she continued to live at his house until April, 1894.

He brought the divorce suit for her in 1893, and judgment therein was entered in June of that year. He never informed her, and she never knew, what he would charge her for his services, or that he would charge her anything, until he commenced this action, in 1897. In the meantime she brought an action against him to foreclose a mortgage which he had executed to her for money loaned by her to him, and, as an offset in that action, he pleaded, among other items, $5 for clerk's fees and $6 for sheriff's fees paid by him in the divorce suit, but he never made any claim in that action for attorney's fees. As an excuse for failing to do so, he testified that the attorney's fees would not be a proper set-off in that action; but we are unable to see why they were not a proper set-off, as well as the disbursements paid by him to the clerk and the sheriff. Under all the circumstances, we cannot say that the verdict is not sustained by the evidence.

Order affirmed.