## POOLE v. BAGGETT.

1. Where a mother received into her home an invalid married daughter, and nursed, waited on, and cared for her during a period of several months until her death, the mother expressly stating to the daughter that in case of her recovery no charge would be made against her for these services, the mother could not maintain against the daughter's husband an action for the value thereof.

2. The mere fact that the son-in-law had told his wife he would pay her mother for these services, his statement not being intended as a communication to her mother and he never having, either directly or indirectly, made to the latter any promise to pay, would not of itself create a contractual relation, either express or implied, between himself and his mother-in-law with reference to the services in question; and this is so although the mother in informing her daughter that no charge would be made against her may have remarked, "If you can't live — if you don't get well, of course [your husband] can pay me. "

3. Without regard to other questions made in the record, this case falls within the principle ruled in *Hudson* v. *Hudson*, 90 *Ga.* 581; and the verdict for the plaintiff being contrary to law, a new trial should have been granted upon the merits.

Argued April 28, — Decided May 14, 1900.

Complaint. Before Judge Janes. Douglas superior court. December 2, 1899.

*J. V. Edge* and *W. A. James,* for plaintiff in error.
*J. S. James* and *B. G. Griggs,* contra.

COBB, J. Mrs. Baggett brought suit against Poole upon an account for services rendered in nursing, caring for, and waiting upon the wife of the defendant, who was a daughter of the plaintiff, and for services rendered in nursing, caring for, and waiting on the defendant during his illness. At the trial it appeared from the evidence that Mrs. Poole came to her mother's house in a feeble condition brought about by a malady which it was evident would most probably terminate fatally; that her mother nursed, cared for, waited on, and furnished her with the necessaries of life until her death, which occurred several months after she came to the house. It was clear from the evidence that there was no express undertaking on the part of Mrs. Poole to pay her mother for the services rendered to her, nor was there anything to indicate that it was the intention of the

parties that Mrs. Poole was to be liable to her mother for these services. There was no evidence of any express contract on the part of Poole to pay Mrs. Baggett for the services rendered to his wife, though it might be inferred from the evidence that it was the intention of Mrs. Baggett to charge Poole for them. It appeared that Mrs. Poole told her mother that her husband promised her he would pay Mrs. Baggett for the services, and that the latter said to Mrs. Poole, "If you can't live — if you don't get well, of course [your husband] can pay me." Upon this state of facts the jury returned a verdict for the plaintiff in a named sum; and the defendant's motion for a new trial having been overruled, he excepted.

Even if Mrs. Baggett was a competent witness to testify to the terms of the contract alleged to have been entered into between herself and Mrs. Poole as the agent of her husband, the facts testified to by Mrs. Baggett are not sufficient to show that any such contract was entered into. Mrs. Baggett's testimony in reference to this matter consisted merely of statements by Mrs. Poole to the effect that her husband had assured her that he would compensate her mother for the services rendered to her. There is nothing whatever in the evidence to indicate that it was the intention of Mrs. Poole as the agent of her husband to make a binding agreement between herself and her mother whereby her husband was to pay for the services, but she merely repeated to her mother declarations made by the husband evidencing a disposition on his part to compensate Mrs. Baggett for the services rendered to his wife. As the evidence does not disclose an express contract on the part of Poole to pay for the services to his wife, and as the surrounding circumstances do not plainly indicate that it was the intention of both Mrs. Baggett and Poole that the services should be paid for by him, the case falls clearly within the principle ruled in the case of *Hudson* v. *Hudson,* 90 *Ga.* 581; and the finding of the jury, so far as it related to the services rendered by Mrs. Baggett to Mrs. Poole, was contrary to law, and the verdict should have been set aside.

*Judgment reversed. All concurring, except Fish, J., absent.*