OTTO H. HEINZ, DEFENDANT IN ERROR, v. CHARLES JACOBI ET AL., EXECUTORS, PLAINTIFFS IN ERROR.

Submitted December 6, 1907—Decided February 24, 1908.

A promise between near relatives and members of the same family to pay for board will not be implied, and in such case a presumption arises that it was gratuitous in the absence of an express promise to pay, or proof that there was a mutual expectation that payment was to be made.

On error to Essex Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the plaintiffs in error, *Julius Rupprecht* and *Frank E. Bradner*.

For the defendant in error, *Charles F. Herr* and *James M. Trimble*.

The opinion of the court was delivered by

BERGEN, J. At the close of the plaintiff's case the following facts appeared:

Frederica Jacobi, the defendant's testatrix, and who was the mother-in-law of the plaintiff, had resided in his family from 1893 until her death, in 1904. She was living, as one of the members of the family, with her daughter and her son-in-law. There was no evidence showing any express promise to pay board, nor any evidence that she was expected to, or that on her part she expected to pay, beyond an alleged written admission found in a small book kept by the deceased, on which was written, on the outside, the name of the deceased, and under it the words "account of money loaned out." On the fourth page of the book there appears, at the top, the name of the plaintiff, written under that the words "loaned on a note, $300. As per agreement no interest is to be charged for above." This was signed by the deceased. On the same page, and immediately following this entry, the deceased had written, "After my death make your account." This was signed by her.

Eliminating the entries just referred to there was no evidence to take the case out of the general rule that the law does not imply a promise between near relatives and members of the same family to pay for board, and in the absence of an express promise to pay, or proof that payment was mutually expected to be made, the presumption is that it was gratuitous.

The complaint made by the plaintiff in error is that the trial court admitted this book in evidence and by its charge sub-

mitted to the jury the question whether this entry referred to the plaintiff, "and if so, did Mrs. Jacobi intend the plaintiff should be paid for her board? These entries in this book are a fact in this case, and it is for you to consider whether Mrs. Jacobi referred by that entry to a claim which her son-in-law might have had for her board."

Our conclusion is that this writing was improperly admitted in evidence. It does not, on its face, show any admission that she expected to pay board. It does not, in terms, refer to any indebtedness on account of board and ought not to have been submitted to the consideration of the jury for any such purpose.

But if it was competent, it did not make out the plaintiff's case, and a verdict should have been directed for the defendant. The alleged admission relates to the loan on the note. The deceased first writes that no interest is to be charged, and then follows it with the statement, "After my death make your account." Taken in connection with the position it occupies with relation to the loan, the reasonable interpretation is that the accounting referred to the loan on the note, for if the deceased had intended to indicate that she expected to be charged with her board she would have said so.

The judgment below should be reversed.