## IN RE ESTATE OF JONAH H. WOOD.
## BERT WILFORD v. C. H. NICHOLAS.[1]

May 28, 1926.

No. 25,418.

**Presumption as to payment by near relative for his board and lodging.**
1.   Where a near relative lives in a family as a member of the household the presumption is that no pecuniary obligation is incurred for the board and lodging furnished him while such a member.

**Presumption not overcome by evidence.**
2.   The evidence examined and *held* insufficient to overcome the presumption.

[1]Reported in 209 N. W. 1.

**When error cannot be assigned on ruling to which exception was not taken.**
    3.   Where there is no motion for a new trial, error cannot be assigned upon a ruling to which when made no exception was taken.

> Appeal and Error, 3 C. J. p. 895 n. 52; p. 960 n. 79.
> Executors and Administrators, 24 C. J. p. 281 n. 88; p. 283 n. 1; p. 406 n. 83, 84; p. 407 n. 99.
> Trial, 38 Cyc. p. 1556 n. 11.

> See note in 1 L. R. A. (N. S.) 219; 11 R. C. L. p. 209; 2 R. C. L. Supp. p. 1222; 4 R. C. L. Supp. p. 703; 5 R. C. L. Supp. 602.

Bert Wilford appealed from an order of the probate court for Jackson county disallowing his claim against the estate of Jonah H. Wood to the district court. The court, Haycraft, J., dismissed the action upon the executor's motion when claimant rested. Bert Wilford appealed. Affirmed.

*N. L. Glover*, for appellant.
*McCune & McCune*, for respondent.

HOLT, J.

Appeal from a judgment of dismissal. Appellant filed a claim against the estate of Jonah H. Wood. It was disallowed. There was an appeal to the district court where pleadings were filed, appellant alleging that on November 1, 1920, the deceased was indebted to him in the sum of $6,360 for board, lodging, care and nursing furnished at his request by appellant during the years from 1894 to November, 1920, upon which had been paid $1,030. The answer was a general denial and in addition there was a plea of payment and also allegations that deceased was the father of appellant's wife and lived with his daughter and appellant upon his own farm as a member of the same family. When appellant rested the court dismissed the case on respondent's motion.

The relationship was admitted. It was undisputed that the house and farm whereon appellant and his family resided, the years that deceased was a member of the household, belonged to the deceased. Appellant introduced the last will and testament of deceased for

proof of an agreement or understanding that board and lodging were to be paid for. This is to be found, if at all, in this provision:

"Seventh, During my life time I furnished to Bert Wilford, the husband of my deceased daughter, Emogene Wilford, large sums of money for the payment of principal and interest on certain land contracts amounting to the sum of Seventeen or Eighteen Hundred Dollars, and I also furnished and gave him an automobile, which cost me originally and with repairs about Twelve Hundred Dollars, and other sums of money which I furnished to him from time to time. During the last ten years I lived a portion of the time at the home of my said daughter, Emogene Wilford, and from time to time made payments to her and her said husband for my board and lodging. It is my will that my executor, hereinafter named, make no claim against the said Bert Wilford by reason of any of the above matters and in consideration of the kind treatment which I received at his home I desire to cancel, annul and forgive any indebtedness which my said son-in-law may be owing me at the time of the making of this will."

Appellant was also permitted to testify that he dunned deceased for board shortly before his death and was paid by him $10. The will was made in 1921. This will certainly does not suggest that the maker considered himself in debt to Bert Wilford on account of any agreement express or implied. His statement that he had made payments from time to time to his daughter and son-in-law for board and lodging does not signify that they were made pursuant to an agreement or because of an understanding or expectation that they were to be paid for at the going price or any price. The whole paragraph rather indicates that what he had paid was more than a generous contribution made by a member of a family to the household expenses. "Where relatives live together as members of the same household, it is presumed that no pecuniary compensation is expected or will be paid for services rendered or support furnished by one member to another, and this presumption applies where a parent lives in the family of a son-in-law or a daughter-in-law, or a child in the family of a father-in-law or mother-in-law." Johnson v. Kistler, 157 Minn. 217, 197 N. W. 671, 202 N. W. 904. Respond-

ent is in error in claiming that a contract expressed in definite language must be shown in order to recover. The presumption that a father who lives as a member of a daughter's and son-in-law's household is not to pay for the accommodation furnished may be "overcome by proof either of an express agreement to pay, or of such facts and circumstances as show satisfactorily that both parties at the time expected payment to be made." Beneke v. Beneke, 119 Minn. 441, 138 N. W. 689, Ann. Cas. 1914B, 381. There can be no claim that the evidence permitted a jury to find an express contract. Nor do we think the bald statement of appellant that he dunned deceased for board and was paid ten dollars, even when coupled with any favorable inference possible to be drawn from the language of the quoted part of the will, would support a finding by the jury that both appellant and deceased expected that payment was to be made by the latter for his board and lodging beyond what he saw fit voluntarily to contribute in services and money, be it more or less than his share of the household expenses as they accrued.

Unless there was some agreement that payment should be made from Mr. Wood's estate it is incredible that appellant should have let an account of upwards of $5,000 for board and lodging run for years when he and his wife were so in need that deceased advanced them large sums of money. Large claims first asserted after the death of an alleged debtor should require some substantial proof before being allowed. We think the proof here adduced so flimsy and attenuated that no verdict based thereon could be permitted to stand. Therefore the dismissal was right.

The error assigned upon a ruling made on the trial cannot be considered because no exception was noted at the time, and there was no motion for a new trial.

The judgment is affirmed.