### 17558.  ALRED v. ALRED.

BROYLES, C. J.  1. Under the ruling of the Supreme Court in this case (164 *Ga.*, 137 S. E. 823), in answer to a question certified by this court, the motion to dismiss the bill of exceptions is denied.

2. "Ordinarily, when one renders services . . valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof; but this presumption does not usually arise in cases between very near relatives."

3. "In order to authorize a recovery by a son against the estate of his deceased father for services in the nature of care and attention to the latter while old and infirm, it must affirmatively appear either that the services were rendered under an express contract that the son was to be paid for them, or the surrounding circumstances must plainly indicate that it was the intention of both parties that compensation should be made, and negative the idea that the services were performed merely because of that natural sense of duty, love and affection, which arose out of the relation existing between them."  *O'Kelly* v. *Faulkner*, 92 *Ga.* 521 (17 S. E. 847), and cit.  This ruling is applicable to the instant case, where a father sought a recovery from his son for services in the nature of care, attention, and support of a minor child of the defendant, and the grandson of the plaintiff.

4. Under the rulings stated above in paragraphs 2 and 3, and the facts of the instant case, the court erred in refusing to comply with the timely and appropriate requests to charge set forth in grounds 1, 2, 3, 5, and 6 of the amendment to the motion for a new trial.  The court erred also in charging as set forth in ground 8, for the reason stated in subsection (*c*) of the ground.  It follows that the refusal to grant a new trial was error.

*Judgment reversed.  Luke and Bloodworth, JJ., concur.*

DECIDED MAY 11, 1927.

Complaint; from Floyd superior court—Judge Maddox.  June 22, 1926.

The requested instructions referred to in the fourth paragraph of the syllabus were in substance as follows:  (1) In order for the jury to find a verdict in favor of the plaintiff against the defendant for any sum for services in the nature of care and attention to the defendant's son, it must affirmatively appear either that the services were rendered under an express contract that the plaintiff was to be paid for them, or the circumstances must plainly indicate that it was the intention of both the plaintiff and the defendant that compensation should be made, and negative the idea that the services were performed merely because of that natural sense of duty, love and affection, which arises out of the

New Trial, 29 Cyc. p. 786, n. 87; p. 788, n. 95; p. 790, n. 10.
Work and Labor, 40 Cyc. p. 2809, n. 13; p. 2815, n. 50; p. 2817, n. 58, 60; p. 2820, n. 75; p. 2856, n. 74; p. 2857, n. 78.

relationship existing between them.   (2) Shown by paragraph 2 of the syllabus.   (3) "Inasmuch as this is a suit of a father against his own son for services rendered to the father in the nature of care and attention to the grandson of the plaintiff and son of the defendant,   .   .   before you would be authorized to find a verdict in favor of the plaintiff against the defendant, it must affirmatively appear either that the services were rendered under an express contract that the father was to be paid by the son for them, or the surrounding circumstances must plainly indicate that it was the intention of both the father, the plaintiff, and the son, the defendant, that compensation should be made and negative the idea that the services were performed merely because of that natural sense of duty, love and affection which arises out of the relationship existing between them."   (5) "If you find from the evidence in this case that the plaintiff furnished the services to the son of the defendant gratuitously, and that at the time he so furnished the services he had no intention of charging the defendant anything for such services, then you would find for the defendant."   (6) "If as a matter of fact you find that the plaintiff furnished services to the son of the defendant gratuitously, and that he had no intention of charging the defendant anything for services rendered to the defendant's son at the time that the services were furnished, and that the plaintiff was furnishing these services to the son of the defendant out of natural love and affection for his grandson and his own son, that as a matter of law he could not change his mind afterward and charge defendant for such services."

The charge excepted to, as set forth in ground 8 of the motion for new trial, was as follows:   "If the father fails to support his minor child, and another does support said child and furnishes him with the necessities of life, the father would be liable for any amount so expended and the reasonable market value of any necessaries so furnished."   Error was assigned, because:   (a) There was no evidence warranting the instruction.   (b) The stated principle of law does not apply to a case where a father sues his own son for services rendered to the plaintiff's grandson.   (c) The court failed to charge in the same connection that the stated principle of law does not usually arise in cases between very near rela-

tives, and failed to charge in substance as shown by the request in ground 3 of the motion.

*Porter & Mebane,* for plaintiff in error. *M. B. Eubanks,* contra.