37498. MORRIS *v.* BRUCE.

DECIDED JANUARY 15, 1959.

822

*Merrell Collier*, for plaintiff in error.

*Harold Sheats, William C. Rimmer, Jr.*, contra.

CARLISLE, Judge. "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof; but this presumption does not usually arise in cases between very near relatives." Code § 3-107. In this case, in order for a recovery by the plaintiff to be authorized against the defendant for any sum for services in the nature of care and attention for the furnishing of necessities to the plaintiff's daughter, "it must affirmatively appear either that the services were rendered under an express contract that the . . . [plaintiff] was to be paid for them or the surrounding circumstances must plainly indicate that it was the intention of both parties that compensation should be made, and negative the idea that the services were performed

[and the necessities furnished] merely because of the natural sense of duty, love and affection which arose out of the relation existing between" the plaintiff and her daughter to whom the services were furnished. *Alred* v. *Alred,* 36 *Ga. App.* 748 (138 S. E. 445). Unless the petition shows an express contract between the plaintiff and the defendant, or a contract implied in fact, or alleges facts and circumstances which if proved would authorize a jury to find that there was an understanding between the plaintiff and the defendant that the plaintiff was to be compensated by the defendant for the services and necessaries furnished the plaintiff's daughter, the general demurrer should be sustained. *Brooks* v. *Sims,* 54 *Ga. App.* 71 (187 S. E. 254); *Cooper* v. *Cooper,* 59 *Ga. App.* 832 (2 S. E. 2d 145); *Fortner* v. *McCorkle,* 78 *Ga. App.* 76 (50 S. E. 2d 250); *Hudson* v. *Hudson,* 90 *Ga.* 581 (16 S. E. 349); *Murrell* v. *Studstill,* 104 *Ga.* 604 (30 S. E. 750); *Phillips* v. *Owens,* 135 *Ga.* 500 (69 S. E. 705); and, see Annotation 7 A.L.R. 2d 8-191, citing numerous cases.

The trial court in this case and the appellate division based their decision overruling the general demurrers on the theory that the plaintiff in this action is merely seeking to enforce the obligation of the husband to furnish his wife with necessities (Code §§ 53-508, 53-510), which obligation is preserved notwithstanding the divorce under the provisions of the Act of 1951 (Ga. L. 1951, pp. 744, 745; Code, Ann., § 30-102 (11)). It is true, of course, that the divorce standing alone in this case did not relieve the husband of his duty to support his wife. However, his liability to third persons furnishing her with necessities arises on the theory that she is his agent in the purchasing and the providing of such necessities, but the facts alleged in this case completely negative any idea of the wife's agency.

The trial judge, in his opinion, goes on to state, and counsel for the defendant in error argue, that the wife's claim for support arises from a statutory right, and the decision in the trial court seems to be based on the conclusion that the final proviso embodied in paragraph 11 of Code (Ann.) § 30-102, above referred to, created a new and additional right in favor of the wife. However, this Code section does not create any new right but merely

preserves to the dependent insane spouse the right to support and maintnance after a divorce granted to her husband on the grounds of incurable insanity. If the plaintiff's daughter has any right to support and maintenance by her former husband, it is a right to be enforced in her name and not in the name of her mother, and not upon the theory sought to be asserted in this case.

Under the allegations of the petition, the facts in *Poole* v. *Baggett*, 110 *Ga*. 822 (36 S. E. 86), are directly "on all fours" with the facts alleged here, and the ruling there is directly applicable in this case. The ruling of the Supreme Court in that case was embodied in the three headnotes as follows: "1. Where a mother received into her home an invalid married daughter, and nursed, waited on, and cared for her during a period of several months until her death, the mother expressly stating to the daughter that in case of her recovery no charge would be made against her for these services, the mother could not maintain against the daughter's husband an action for the value thereof. 2. The mere fact that the son-in-law had told his wife he would pay her mother for these services, his statement not being intended as a communication to her mother and he never having, either directly or indirectly, made to the latter any promise to pay, would not of itself create a contractual relation, either express or implied, between himself and his mother-in-law with reference to the services in question; and this is so although the mother in informing her daughter that no charge would be made against her may have remarked, 'If you can't live—if you don't get well, of course [your husband] can pay me.' 3. Without regard to other questions made in the record, this case falls within the principle ruled in *Hudson* v. *Hudson*, 90 *Ga*. 581; and the verdict for the plaintiff being contrary to law, a new trial should have been granted upon the merits."

In his opinion, the trial judge sought to distinguish that case on the idea that the decision there finding that the verdict for the plaintiff was unauthorized was based on the fact that that action was for services rendered to the plaintiff's daughter and that it is distinguishable in this regard because here the suit is for the furnishing of necessities to the plaintiff's daughter. This distinction is not authorized. A careful reading of the decision

in that case shows that it was merely an application of the elementary rules first announced above and that the Supreme Court merely held that the proven facts did not authorize a finding that there had been an express or implied agreement on the part of the husband to pay for the services rendered. That case is controlling of the questions raised by the general demurrer in this case because the petition here utterly fails to allege any facts from which an agreement on the part of the defendant to pay for the services rendered by the plaintiff can be inferred, much less any facts setting up an express contract between the parties. In these circumstances, the presumption that the services rendered and the necessities furnished by the plaintiff were rendered and furnished by reason of the maternal love and affection which she held for her daughter, and not because of any expectations of payment or reward from the defendant must prevail, and in the absence of allegations of fact negativing this presumption, the petition was subject to general demurrer. It follows that the trial court erred in overruling the general demurrer to the petition.

Under the foregoing ruling, the merits of the case are substantially disposed of, and it is unnecessary that the questions raised by the exceptions to the overruling of the special demurrers and the questions presented by the exceptions to the ruling of the court in sustaining the demurrers to the defendant's answer be passed on by this court at this time.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*